IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE NORTHERN<br>INSURANCE COMPANY,<br>747 Alpha Drive<br>Highland Heights, OH   44143 | ) ) ) ) | CASE NO. _____ |
| | ) | JUDGE _____ |
| And | ) ) | |
| UNITED FINANCIAL<br>CASUALTY COMPANY,<br>747 Alpha Drive<br>Highland Heights, OH  44143 | ) ) ) ) ) | **COMPLAINT FOR INTERPLEADER<br>AND DECLARATORY JUDGMENT** |
| *Plaintiffs,* | ) ) ) | |
| -vs- | ) ) | |
| CITY OF ROCKY RIVER<br>21012 Hilliard Blvd.<br>Rocky River, OH   44116 | ) ) ) ) | |
| And | ) ) | |
| COLLIN W. CUNNINGHAM<br>c/o 21012 Hilliard Blvd.<br>Rocky River, OH   44116 | ) ) ) ) | |
| And | ) ) | |
| WILLIAM J. BROBST<br>c/o 21012 Hilliard Blvd.<br>Rocky River, OH   44116 | ) ) ) ) | |
| And | ) ) | |
| ARGONAUT INSURANCE COMPANY<br>Aka ARGO GROUP US<br>P.O. Box 469009<br>San Antonio, TX   78246 | ) ) ) ) ) | |

And                                              )
MCGOWAN & CO., INC. dba MCGOWAN               )
GOVERNMENTAL UNDERWRITERS                     )
20595 Lorain Road                             )
Fairview Park, OH   44126                     )
                                              )
And                                           )
                                              )
YEVGENIYA OSSIPOVA                            )
450 Taraval St., #229                         )
Los Angeles, CA   90001                       )
                                              )
And                                           )
                                              )
TRINITY LOGISTICS, INC.                       )
P.O. Box 1620                                 )
Seaford, DE   19973                           )
                                              )
And                                           )
                                              )
MOMENTIVE PERFORMANCE                         )
MATERIALS, INC.                               )
260 Hudson River Rd.                          )
Waterford, NY   12188                         )
                                              )
And                                           )
                                              )
JACQUELINE L. KETTERER, As Admin.             )
of ESTATE OF DAVID J. FAHEY, JR.              )
26770 Springfield Circle                      )
Columbia Station, OH   44028                  )
                                              )
And                                           )
                                              )
USAA INSURANCE COMPANY                        )
9800 Fredericksburg Road                      )
San Antonio, TX 78288                         )
                                              )
And                                           )
                                              )
OHIO BUREAU OF WORKERS'                       )
COMPENSATION                                  )
30 W. Spring St.                              )

2

Columbus, OH   43215-2256        )
And        )
        )
JAMES I. BUGAYCHUK        )
230 Roundstone Drive        )
Inman, SC   29439-9314        )
        )
And        )
        )
NIKOLAY F. GARBAR        )
196 Miller Farm Rd.        )
Inman, SC   29349-9287        )
        )
And        )
        )
ESTATE OF ARTEM VYTIEGOV        )
450 Taraval St. #229        )
Los Angeles, CA   90001        )
        )
And        )
        )
RP EXPEDITING, LLC        )
196 Miller Farm Rd.        )
Inman, SC   29349-9287        )
        )
And        )
        )
ATLAS LOGISTICS, LLC        )
15800 SE Piazza Ave.        )
Clackamas, OR 97015        )
        )
And        )
        )
VIKMART        )
P.O. Box 2461        )
Brisbane, CA 94005        )
        )
And        )
        )
MILLHOUSE LOGISTICS        )
25 Continuum Dr.        )
Fletcher, NC   28732        )
        )

3

And                                              )
John Does 1-10                                   )
Correct Names & Addresses Unknown                )
                                                 )

      Pursuant to 28 U.S.C. §§1335 and 2201, Fed. R. Civ. Pro. 22 and 57, and Loc.R. 67.1, and for its Complaint for Interpleader and Declaratory Judgment, Plaintiffs Progressive Northern Insurance Company ("Progressive") and United Financial Casualty Company ("United") state as follows:

## PARTIES, VENUE AND JURISDICTION

      1.  This action is brought pursuant to the Interpleader Act, 28 U.S.C. §1335, which grants this court original jurisdiction over any action in interpleader filed by any insurance company, having issued a policy of insurance with limits or value of $500 or more, where two or more adverse claimants of diverse citizenship are claiming or may claim to be entitled to such limits.

      2.  This action is also brought pursuant to 28 U.S.C. §2201, the Federal Declaratory Judgment Act, for a declaration of rights and responsibilities under a policy of insurance.

      3.  Venue is proper under 28 U.S.C. §1391(b)(2), as a judicial district in which a substantial part of the events giving rise to the claim occurred.

      4.  Progressive and United are both subsidiaries of Progressive Insurance Company, an insurance company headquartered in Cleveland, Ohio, authorized and principally engaged in the business of issuing liability insurance policies, including commercial automobile liability insurance policies, throughout the United States, including Ohio, South Carolina, and California.

      5.  Both Progressive and United issued policies that insured Defendant RP Expediting, LLC of Inman, South Carolina ("RP Expediting") at one time or another.

4

6.   Defendants are either insureds or claimants who, by virtue of an accident involving RP Expediting, have or may claim to have an interest in the Progressive and/or United insurance policies that are the subject of this action.

## FACTUAL BACKGROUND

### The Progressive Policy

7.   On or about May 20, 2016, Progressive issued Policy No. 03109535-2 to RP Expediting, providing commercial automobile liability insurance for the period of May 20, 2016 through May 20, 2017 with a combined single limit of liability of $1 million ("Progressive Policy").  A certified copy of the Progressive Policy is attached as Exhibit A (Bates Nos. PROG-00001 to PROG-00123).

8.   On January 24, 2017, Artem Vytiegov ("Vytiegov") was driving a 2012 GM Savana van displaying the commercial motor carrier placards of RP Expediting ("Vytiegov Van"), on westbound Interstate 90 at or near the 162.4 milepost when he was involved in a collision with a stationary 1992 Pierce Manufacturing fire truck ("Fire Truck") owned by Defendant City of Rocky River ("Accident").

9.   The Accident resulted in, or is alleged to have resulted in, numerous injuries including two deaths and also significant property damage.

10.  Defendant Nikolay Garbar ("Garbar") was or is alleged to be the owner of the Vytiegov Van and/or to have an ownership interest in RP Expediting.

11.  Vytiegov, RP Expediting, and Garbar are alleged to be liable for the Accident.

12.  The Defendants have asserted or may assert independent claims seeking to be compensated out of the proceeds of the Progressive Policy, by virtue of the of damages allegedly

arising from the Accident.

13.   The proceeds of the Progressive Policy, if applicable, are not or may not be sufficient to fully satisfy all the claims of the Defendants, and thus the Defendants are in competition with and adverse to each other.

14.   The Defendants include two or more adverse claimants having diversity of citizenship.

15.   Pursuant to 28 U.S.C. §1335, this court has original jurisdiction to accept Progressive's interpleader and payment of the Progressive Policy limits into the registry of the court, there to await further judgment of the court as to fair apportionment of the Progressive Policy limits among all claimants, and to discharge Progressive from its duty to indemnify, but not its duty to defend any insured, under the Progressive Policy.

## The United Policy

16.   On or about June 2, 2016, United issued Policy No. 03808799-0 to Vytiegov and Defendant Yevgeniya Ossipova ("Ossipova"), both of San Francisco, California, providing commercial automobile liability insurance for the period of June 2, 2016 to June 2, 2017, with a combined single limit of liability of $1 million ("United Policy").  A certified copy of the United is attached as Exhibit B (Bates Nos. UNITED-00001 to UNITED-00096).

17.   RP Expediting was endorsed on the United Policy as an additional insured.

18.   RP Expediting has demanded coverage under the United Policy for claims arising out of the Accident.

19.   However, per request of Vytiegov, the United Policy was cancelled effective October 12, 2016, prior to the Accident.

6

20. There is a real, material, and substantial controversy between United and RP Expediting, in which other Defendants including Garbar and the Vytiegov Estate may have an interest, with respect to the scope of coverage available under the United Policy for claims arising out of the Accident, entitling United under 28 U.S.C. §2201 to a declaration of its rights and responsibilities under the Progressive Policy with respect to such claims.

## COUNT I--INTERPLEADER

21. Progressive repeats the allegations in Paragraphs 1 through 20 above as if fully restated herein, and further states:

22. Vytiegov was a rated driver under the Progressive Policy and was killed in the Accident.

23. Ossipova was a passenger in the Vytiegov Van and claims to have suffered serious bodily injury as a result of the Accident.  Ossipova has filed suit for her claims in the San Francisco Superior Court in San Francisco, California ("Ossipova Litigation").

24. Defendants RP Expediting, Nikolay Garbar ("Garbar") and the Estate of Artem Vytiegov ("Vytiegov Estate") are defendants in the Ossipova Litigation pending in San Francisco, California and may seek defense and/or indemnity under the Progressive Policy for such claims.

25. Defendant City of Rocky River has filed litigation in the Cuyahoga County Court of Common Pleas seeking more than $1 million in property damage for loss of the Fire Truck ("Rocky River Litigation").

26. Defendants RP Expediting, Garbar, and the Vytiegov Estate are defendants in the Rocky River Litigation and may seek defense and/or indemnity under the Progressive Policy for such claims.

7

27. The Fire Truck was insured by Defendant Argonaut Insurance Company aka Argo Group US ("Argonaut"), and/or by Defendant McGowan & Co., Inc., dba McGowan Governmental Underwriters ("McGowan"), who may assert subrogated claims for the damage to the Fire Truck.

28.  Defendants Collin W. Cunningham ("Cunningham") and William J. Brobst ("Brobst") were firefighters for the City of Rocky River who were occupying the Fire Truck at the time of the Accident and may have claims for injuries.

29. Vytiegov was transporting cargo owned by Defendant Momentive Performance Material, Inc. ("Momentive") pursuant to a shipping contract between RP Expediting and Defendant Trinity Logistics, Inc. at the time of the Accident.  Momentive and Trinity have asserted or may assert claims arising out of damage to and/or delayed delivery of the cargo caused by the Accident.

30. Cleveland police officer David J. Fahey, Jr. ("Fahey"), while a pedestrian and setting flares to redirect traffic around the Accident, was struck and killed by a hit/skip vehicle operated by Israel Alvarez ("Alvarez").

31. Defendant Jacqueline L. Ketterer is the duly appointed administrator of Fahey's estate ("the Fahey Estate"), and has asserted or may assert survivorship and/or wrongful death claims on behalf of Fahey and his next of kin with respect to the Accident.

32. Defendant Ohio Bureau of Workers' Compensation has paid or claims to have paid benefits to and/or on behalf of Fahey, the Fahey Estate, Cunningham and/or Brobst, and may assert subrogated claims for doing so.

33.   Defendant USAA Insurance Company may have provided uninsured/underinsured motorist coverage to Fahey and may assert subrogated claims for doing so.

34.   Defendants James I. Bugaychuk and/or Nikolay Garbar each claim or may claim to be the owner of, or may have an ownership interest in, the Vytiegov Van at the time of the Accident and may assert property damage claims.

35.   John Does 1-10 are individuals or entities, as yet unknown with unknown addresses, that may bring claims seeking damages allegedly covered by the Progressive Policy.

36.   The Defendants have each asserted or may yet assert independent claims seeking to be compensated out of the proceeds of the Progressive Policy for bodily injury, property damage, and/or subrogated claims, by virtue of damages allegedly arising from the Accident.

37.   Without admitting any liability for the Accident for itself or those insured under the Progressive Policy, Progressive states that the proceeds of the Progressive Policy are not or may not be sufficient to fully satisfy all the claims of the Defendants, and thus the Defendants are in competition with and adverse to each other.

38.   Without admitting any liability for the Accident for itself or those insured under the Progressive Policy, Progressive states that the claims of the Defendants, if prosecuted separately, might expose Progressive and the Progressive Policy limits to multiple, overlapping, and/or conflicting liability.

39.   Pursuant to Fed.R.Civ.P. 22 and 28 U.S.C. §1335, Progressive is entitled to interplead the Progressive Policy limits into court to be held pending further order of the Court, to have all Defendants joined in this action and be required to interplead their respective claims, upon which the Court shall apportion the Progressive Policy limits among all Defendants as the Court

determines to be fair and appropriate.

40.  Further, upon such payment of the Progressive Policy limits into court, Progressive is entitled to an order discharging it from its duty to indemnify, but not its duty to defend, under the Progressive Policy.

## COUNT II—DECLARATORY JUDGMENT

41.  United repeats the allegations of Paragraphs 1 through 40 above as if fully restated herein, and further states:

42.  The United Policy provides, in pertinent part:

> ### GENERAL PROVISIONS
>
> **1.  Policy Period and Territory**
> This policy applies only to **accidents** and **losses** occurring during the policy period shown on the **declarations page** and that occur within a state, territory, or possession of the United States of America, or a province or territory of Canada, or while an **insured auto** is being transported between their ports.
>
> \* \* \*
>
> ### CANCELLATION AND NONRENEWAL ENDORSEMENT
>
> \* \* \*
>
> You may cancel this policy by calling or writing us and stating the future date that you wish the cancellation to be effective.

43.  On or before October 12, 2016, Vytiegov contacted United and requested that the United Policy be cancelled effective October 12, 2016.

44.  Per Vytiegov's request, and as provided by the terms of the United Policy, United cancelled the United Policy effective October 12, 2016.

45.  RP Expediting has demanded coverage for the Accident under the United Policy.

46.   Other Defendants have or may claim to have an interest in the United Policy with respect to claims arising out of the Accident.

47.   Defendants Atlas Logistics, LLC, Vikmart, and Millhouse Logistics are endorsed as additional insureds under the United Policy and may claim to have an interest in its coverage.

48.   There is a real, material, and substantial controversy between United and RP Expediting, in which other Defendants may claim an interest, with respect to the scope of coverage available under the United Policy for claims arising after October 12, 2016, including but not limited to the Accident, entitling United under 28 U.S.C. §2201 to a declaration of its rights and responsibilities under the United Policy with respect to such claims.

WHEREFORE, pursuant to Fed.R.Civ.P. 22 and 28 U.S.C. §1335, Progressive is entitled to and hereby prays for an Order:

    a.   Directing Progressive to pay its $1 million policy limits into court, to be held pending further order of the Court;

    b.   Directing the Defendants to assert their claims to the Progressive Policy limits or be forever barred, as to the Progressive Policy;

    c.   Discharging Progressive from its duty to indemnify, but not its duty to defend, under the Progressive Policy;

    d.   Declaring the United Policy was cancelled effective October 12, 2016;

    e.   Declaring that United has no duty of defense or indemnity for any claims arising after October 12, 2016, including all claims arising out of the Accident; and

    f.   For such further orders as the Court deems reasonable and necessary.

Respectfully submitted,

*/s/Richard M. Garner*
RICHARD M. GARNER (0061734)
rgarner@cruglaw.com
KURT D. ANDERSON (0046786)
kanderson@cruglaw.com
COLLINS, ROCHE, UTLEY & GARNER, LLC
655 Metro Place South, Suite 200
Columbus, OH   43017
T: (614) 901-9600 F: (614) 901-2723

*Counsel for Plaintiffs*

12